# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EUGENE SCALIA, ) <br> SECRETARY OF LABOR, ) <br> UNITED STATES DEPARTMENT ) <br> OF LABOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREG HEIDRICK, C.P.A., P.A., and ) <br> GREG HEIDRICK, individually, ) <br> ) <br> Defendants. ) | CIVIL ACTION FILE <br> NO. 2:20-cv-2240 |

## COMPLAINT

Plaintiff brings this action to enjoin Defendants from violating the provisions of section 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq*.), hereinafter called the Act, pursuant to section 17 of the Act; and to recover unpaid overtime compensation owing to Defendants' employees, together with an equal additional amount as liquidated damages, pursuant to section 16(c) of the Act.

### I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, and by 28 U.S.C. § 1345.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred within this district

### II

Defendant Greg Heidrick, C.P.A., P.A. is a professional association incorporated in the State of Kansas, with its principal place of business located at 10965 Granada Lane, Suite 103,

Overland Park, Kansas, 66211, within the jurisdiction of this Court. At all relevant times, Defendant Greg Heidrick operated the accounting firm.

Defendant Greg Heidrick is the 100% owner of Defendant Greg Heidrick C.P.A., P.A. and acts directly or indirectly in the interest of Defendant Greg Heidrick, C.P.A., P.A. in relation to its employees, and therefore, is an employer within the meaning of section 3(d) of the Act. Upon information and belief, at the time of the actions giving rise to this claim, Defendant Greg Heidrick resided in Olathe, Kansas, within the jurisdiction of this Court.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least January 16, 2017, constituted an enterprise within the meaning of section 3(r) of the Act.

IV

Since July 16, 2017, Defendants employed, and are employing, employees in and about Defendants' said place of business whose work involves the regular use of the instrumentalities of interstate commerce. Said employees regularly and frequently provide accounting services to Defendants' out-of-state clients using the instrumentalities of interstate commerce. The accounting services include the preparation of accounting reports that are transmitted interstate over the firm's website, telephone, and through electronic and regular mail. Therefore, said employees were, and are, engaged in commerce or in the production of goods for commerce within the meaning of the Act.

V

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of sections 7 and 15(a)(2) of the Act by employing certain employees in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since January 16, 2017, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VI

Defendants have repeatedly and willfully violated and continue to violate the aforesaid provisions of the Act as alleged in paragraph V.  A judgment permanently enjoining and restraining the violation herein alleged, including the restraint of the continued withholding of unpaid overtime compensation due Defendants' employees, is specifically authorized by section 17 of the Act.

VII

As a result of the violation alleged in paragraph V above, Defendants have unlawfully withheld and continue to withhold unpaid overtime compensation from certain employees. These back wages are owed to present and former employees, including those persons specifically named in Appendix A, attached hereto, for the period from January 16, 2017 through January 13, 2019.  A judgment granting recovery of back wages, together with an equal additional amount as liquidated damages, is specifically authorized by section 16(c) of the Act.

WHEREFORE, cause having been shown:

Plaintiff prays judgment pursuant to section 17 of the Act, permanently enjoining and restraining Defendants, Defendants' officers, agents, servants, employees, and those persons in

active concert or participation with Defendants who receive actual notice thereof, from violating the provisions of section 15(a)(2) of the Act, including the restraint of any withholding of payment of unpaid compensation found by the Court to be due to Defendants' employees.

Plaintiff further demands judgment, pursuant to section 16(c) of the Act, against Defendants for back wages owed to former and current employees for the period January 16, 2017 through January 13, 2019, together with an equal additional amount as liquidated damages.

Should the Court decline to award said liquidated damages, Plaintiff further demands the award of interest on said unpaid amounts from the date said unpaid amounts became due, until date of judgment.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violation alleged in paragraph V hereof.

Plaintiff further demands the award of post-judgment interest as authorized by 28 U.S.C. § 1961, and prays that he recover the costs of this action.

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Associate Regional Solicitor

s/ Laura O'Reilly
Laura O'Reilly
Trial Attorney
KS Bar #25856

2300 Main Street, Suite 1020
Kansas City, MO  64108

(816) 285-7260
(816) 285-7287 (fax)
Oreilly.laura.m@dol.gov

U.S. Department of Labor
Attorneys for Plaintiff